Good morning, and may it please the court. My name is Sonam Henderson, and I represent the appellant Marcus Borges. I'd like to reserve one minute for rebuttal. And given the limited time here, I'm going to focus on the first claim, although, of course, any questions the court has about the other two claims, I'm more than happy to answer. The first claim presents the issue whether, consistent with the Constitution, a trial court in a criminal case may designate the investigating detective as an expert witness and then allow him, in that expert capacity, to opine that the defendant is guilty. The state court's decision in this unique case was both an unreasonable application of clearly established federal law under 18 U.S.C. 2254 D.1 and an unreasonable determination of facts under 2254 D.2. Starting with D.1, Mr. Borges had a clearly established federal constitutional right to have his guilt determined by the common-sense judgment of an impartial jury. This right is clearly expressed in a number of Supreme Court decisions, like Williams v. Florida, in which the court stated, The essential feature of a jury obviously lies in the interposition between the accused and his accuser of the common-sense judgment of a group of laymen. Here, Mr. Borges was deprived of the benefit of the common-sense judgment of the jury. Well, doesn't that kind of denigrate the value of the jury? I mean, and I think the California court may have acknowledged this, that the detective was the investigating detective. There they were having a jury trial where your client was accused of robbing the victim, and all the detectives said on redirect, let's just assume he never should have been permitted to say that. But all he said was, well, my conclusion was the victim was robbed and your client did it. Everybody knew that was his conclusion. Otherwise, they wouldn't have been there. Well, two points on that, Your Honor. One, I'm not so sure everyone did know that was his conclusion. We really have no idea what the jury assumed about the charging process and process of bringing someone to trial. The jury may be like us and consumers of popular culture, and they may hear things about the victim pressing charges, and they may have thought, this is a victim-driven situation where the victim says something happened to me, and the investigating detective is out there figuring it out and coming to report to them. There's no reason. I personally think it denigrates the jury to assume that they think that the detective is a partisan for guilt. Putting all that aside, whatever they thought of what the detective had to say, the state court ignores what the trial court did, which was to call this guy an expert before he does it. It's not simply that the detective got up and said, you know, Mr. Carrillo was robbed and Mr. Borges was the robber. The court says before this, hey, this guy's an expert. He's the investigating detective, essentially saying he really knows what he's talking about. So it's not just what the detective said. It's what the court did leading up to it. You start off by saying that this was clearly established. Has it been squarely addressed by the Supreme Court, a situation like this? I know that a jury gets to decide your case, but that it's a violation of due process when a detective like this speaks to possibly the ultimate issue or makes a conclusory statement. The court has not spoken on this precise issue, but the... Isn't that a problem then? I mean, because we're, most recently especially, have been told that we should be on all fours. I mean, as I understand the case law, you don't need a precise factual, you don't need the precise facts in order to find that there's been a constitutional violation. What case law says that? That we don't need the... Panetti v. Quarterman says AEDPA does not require state and federal courts to wait for some nearly identical factual pattern before a legal rule must be applied. So do we have a close factual pattern where an expert went a little too far in their opinions and that was held to be a violation of due process? No, Your Honor. We have these clear statements by the court that really the essential feature of a jury trial is that you get the common sense judgment of the jury. You don't get the jury having been, in a certain sense, almost instructed to find guilt. I mean, here you have the inherent authority of the officer to begin with. You have this supported by the authority of the court saying he's someone you should really listen to. And then you have the jury's, I think, certain knowledge that the officer knew more about the case than the few details that were brought out in testimony. And that's really something that was emphasized by the prosecution's own questioning. Tell us about all the evidence you collect in your investigation. This was a really good argument for the California State Court that there was reversible error for violations of the rules of evidence. But how does it come to due process? Again, it comes to due process because it so interferes with this clearly established right to have your guilt and innocence determined by a jury. Did you argue due process below? In the district court? Well, I didn't do anything below. Let me rephrase that. Was it argued below in the district court? In the district court, it was both due process, it was headlined as due process, and then the cases discussed were these same jury right cases or some subset of the jury right cases. It wasn't argued as due process below. It's argued as due process in the sense that the jury right is a due process right, according to Duncan v. Louisiana, I believe it is. But one of the bases upon which the district court rejected the habeas petition was that it wasn't raised in the state court in the objection to the testimony as a constitutional violation. That's not actually accurate. The district court did not decide the procedural bar issue. The district court said it didn't need to decide the procedural bar issue because the procedural bar issue was harder than the merits issue. So let's ask them, let me just ask it directly then. Was the trial court judge in the state court have in front of him an objection that it was based on a violation of due process to allow this testimony? He did not, but it was not required by California law. The state is claiming that there is a well-established, very specific rule that you need a constitutional objection in order to bring a constitutional argument later. But the cases it cites are not for that rule at all. The cases it cites show that if you make no objection at all, then you have a contemporaneous objection problem. They don't cite a single case showing a duly made evidentiary objection and then saying, hey, that's not enough. And as I note in the briefs, there is this California Supreme Court case, Pupil v. Partito, which says that if you make a correct evidentiary objection and then you want to bring up a constitutional argument that's a legal consequence of admitting the evidence that you said shouldn't be admitted, that is permissible. You've preserved it. That's Pupil v. Partito. I don't think I've ever heard a trial lawyer object on the ground that the answer would violate my client's right to due process. I mean, that's, I think you have to be right on that point. But the merits do seem easier than the procedural bar issue, perhaps. And I guess maybe I could just ask you a slightly different question, which is on the harmless error point. Because if I remember, the California Court of Appeals said even if there was error in admitting this, it could not possibly have had the dramatic effect on the jury's verdict that you would be required to convince us it did. And that seemed right to me as well. What do you have to say to that? I mean, two things. They really point at a couple of things. One is what we just discussed about Detective Kakua being the investigating officer and everybody just assuming that's his opinion anyway. And I've already told you I don't think that's a fair assumption. And it ignores what the trial court itself did, calling this guy an expert. And remember, that's who was spontaneous. Fine, fine. But it's one answer, right, in a whole trial. There's a bunch of other evidence. And I guess that seems to me what you need to speak to, that this was such a thin case that the jury hearing that one answer, that's what tipped the balance? It was such a thin case, Your Honor. The complaining witness in this case was about as flawed a witness as you could have. I mean, this guy is a perjurer, not at some distant point in the past, not in some other case. In this exact case, he made up an armed kidnapping. He fabricated it out of thin air. And they're now asking the jury to say, well, he made that up, but he's telling the truth about the armed robbery. The investigating detective himself said that the other evidence didn't add up to a robbery. However, you're really resting on this witness. And in that case, having the detective say Mr. Creeger was robbed and Mr. Borges was the robber is essentially saying, I believe this guy, this horribly flawed witness. But don't we have to find that the California court's determination that it was harmless is contrary to a complete unreasonable application of the facts? That's a really high standard to meet. I agree, Your Honor, but I do believe it was an unreasonable application of the facts. First, on this assumption we've just talked about. Second, on this idea that there was the other thing they cite to, there's no implication from the prosecutor's question or the detective's answers that the detective's testimony was based on evidence that had not been presented to the jury. That's simply not accurate based on what actually occurred in the trial. The prosecutor's questions gave just this impression. Right before asking this, he asked the detective, what are all the things you did in the case? Oh, you went to the scene. You went to Borges' home. You spoke to Mr. Borges. You spoke to Mr. Creeger, reminding the jury that the detective had more complete information than they did and the few specific details he managed to share with them. And then the question is, tell us about your impression of all the evidence you collected in your investigation. Not tell us about the evidence that was admitted at trial. I mean, it's not just that they didn't limit it. He specifically asked for more. And so those were the two factual bases of the California Supreme Court's decision, and they were both unreasonable. Thank you. Thank you. Good morning, Your Honors. Stephanie Santoro, Deputy Attorney General for Respondent Appellee. Also addressing Issue 1, unless the Court has additional questions. I do have a quick question on the other issue, the first one, on the limiting of the cross-examination. Yes. It appears that the trial court just cut the defense counsel off after the defense counsel's whole strategy, and it had been pre-made pretty apparent, was to focus on Mr. Carrillo, the victim here, and his credibility or lack thereof. I guess the trial court can cut off, I guess, questioning, but I'm a little troubled that the trial court here cut off questioning before he even got to the charge that he was found guilty of. He was focusing on the kidnapping, leading it up. Right when he's focusing on the robbery, before even that, the judge cut him off. So why isn't that similar to Van Arsdale? Well, as Your Honor noted, the questioning that the trial court did already allow clearly established that Carrillo was a perjurer. Carrillo admitted on multiple occasions that he lied about the armed kidnapping. He admitted that he had received use immunity. The prosecutor argued that as well. So that was not at issue. Now, the issue about whether or not the trial court should have allowed further cross-examination on the issue of the armed robbery. The only count he was convicted of. True. But the defense counsel's entire case rested on, as he said, the multitude of lies that Carrillo made. So the trial court had already allowed enough cross-examination to show the jury that Carrillo engaged in multiple, multiple lies. So the substance of the potential impeachment that they could have elicited from Carrillo about what happened in the motel as to the armed robbery. I mean, arguably, that's not the crux of the defense case. Their issue was not to say, hey, he also, look at these teeny tiny inconsistencies as to what happened in the hotel room and the lies he made as to the robbery. Their case was, he is not a credible witness. He lies about everything. So even if he had provided completely consistent testimony with his preliminary hearing on the armed robbery, it doesn't matter.  Turning to issue one. As your Honor noted, the claim is simply not cognizable here in this court. Despite what we may think about the trial court's ruling, whether it should have designated Detective Kukoua as an expert, whether Detective Kukoua should have made the statement that he made, this is simply a state law violation and is not reviewable in this court. Furthermore, it's reviewable. I mean, it's framed as a constitutional claim. You can say that the claim lacks merit because there's just no substance to it. But it's clearly cognizable in our courts. Well, simply because defendants says it's a due process violation does not make it so. And this goes to the merits. Right. He might not be right that there's a violation of his right to due process, but he can certainly frame the argument that way and have a federal court adjudicated. I don't I really didn't follow your argument on this point at all. So let me hear why you think that this is just not even properly before the court. Because this goes to the procedural bar argument as well. That he didn't object. Your Honor, if you let this witness answer this question, it's going to violate my client's right to due process. You think that's what should have happened at trial? I'm not contending that defense counsel should be saying that. And I also have never seen that in any record that I have reviewed. However, the Partita case, the California Supreme Court case decided in 2005 in which the California Supreme Court found that a proper evidentiary objection could preserve a due process violation was very narrowly limited to the facts and the objection in that case. In that case, the objection made on California evidence grounds was that's the 352. And as your Honor knows, evidence code 352 provides a weighing of prejudice and undue consumption of time, et cetera, et cetera, and the appropriative value. So it was on that grounds that the California Supreme Court found that because 352 encompassed a prejudice analysis, that necessarily flowed into or implicated a due process violation. In this case, there was no 352 objection. The objection was on speculation grounds and relevance. So it is respondent's position that the contemporaneous bar objection does apply here, that Partita is inapplicable. And this case is more akin to this court's case in Davis v. Woodford, 2004, in which the court held federal habeas relief review was barred where petitioner raised only an evidentiary objection and not the confrontation clause objection. Can you remind me, did the California Court of Appeal address on the merits of a federal due process claim? They my reading is no. They said no due process violation and cited California case law. OK, but doesn't I mean, I guess I would find your argument more compelling if the California court had said, as you are arguing, well, we're not even going to address any due process implications of what happened at trial because the objection was only on relevance or speculation grounds. I guess I thought the court had gone on to say, and we are going to sort of take the due process claim on the merits and just reject it as being not of any substance. I would contend that the California Court of Appeals lack of mentioning the federal due process cuts the other way. So the fact that they didn't address the due process, the federal due process violation in there is to respondents benefit that there was no due process violation alleged in the state court. To the extent this court does address the merits of the case. As your honor noted, there is no clearly established federal law as decided by the Supreme Court that a witness expert lay or otherwise may opine on a defendant's guilt. So though this claim may have been valid or the trial court may have erred in state court. There is no there is no clearly established Supreme Court law that would allow this court to grant relief. Unless there are further questions. Well, I guess let's look at the sum total effect of what happened here. The court precluded cross-examination of a key witness, the victim. After Borges had already stipulated to what he said was the admission of other inculpatory evidence. He had his whole strategy here set up to focus on Mr. Carrillo. And also admitted the court here also admitted the detective statement. That in his opinion, Borges robbed Carrillo decision usually left for the jury. Why doesn't the cumulative effect of these errors amount to a fundamental unfairness? To the extent this is addressing harmless error under Brecht. The detective's testimony was one fleeting comment. The fact that he was designated as an expert. There was I mean, there was no discussion in front of the jury. So that it was one tiny grounds that the evidence here was thin. The evidence was even putting aside Carrillo's testimony. There was corroboration that supported the fact that there was an armed robbery. There was the loaded weapon that was found at Teller's apartment, which she shared with appellant. There was the false motel registration. And all the steps Detective Kukuwa took. Was that weapon, did they link it to the robbery? Carrillo testified that that weapon looked like the gun that was used. And that was the extent of linking it to the robbery. The motel registration, appellant used a false name. I mean, I don't know. One could make other reasonable inferences from that. But that, in addition to the gun, in addition to the few hours after the robbery took place. That Carrillo's ATM card was used at a location that he did not normally frequent. He was used to withdraw $200 from that account. I think I'll corroborate the statements here made by Carrillo. The harmlessness determination was not unreasonable here. But you would concede that the jury couldn't possibly convict in this case without believing Carrillo, right? I mean, if you don't believe Carrillo's testimony, there's no conviction here. You have to concede that. Right, as the detective noted, if you don't believe his statement, then there's no crime report even. There's no case. We wouldn't be here. This wouldn't have gone to the jury. Right. Yes. Respondents, prepare to submit. Thank you. Thank you. I'll give you a minute. Thank you. I just, I think I want to answer in the minute that I have just about the cross-examination claims. Since that came up and we didn't talk about it earlier. I think as Judge Murguia was pointing out, he was not permitted to cross-examine about the specific event for which he was convicted, which was the robbery. And there weren't tiny inconsistencies. There were rather large inconsistencies. And it's not simply that Mr. Carrillo was a liar. It's that he was also lying about the key points as well. And that his motivation for lying, that he didn't want to tell his wife that he'd followed a woman into a hotel room, doesn't really apply to why he would be lying about what happened in the hotel room. And just to give a very quick example, he says in the preliminary hearing, when I go into the hotel room, it's very vivid and violent. He's thrown on the bed. They demand his ATM card. He refuses. There are threats. Somebody draws their finger across their throat to indicate that he should be killed. Borges supposedly racks the slide and puts the gun closer to his head. At trial, none of this happens. He's asked for his ATM pin, and he immediately gives it up. So there are large inconsistencies, and defense counsel is not permitted to get into them. Thank you. Thank you. Thank you. Thank you both for your helpful arguments here. The case Borges v. Davey is now submitted.
judges: Murguia, Watford, Bolton